CLIFFORD DEANE SHELLABARGER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 10, 1927.*

INDEPENDENT CONTRACTOR—*State not liable for acts of.* An independent contractor in the construction of a part of the State hard roads is not an agent of the State.

RESPONDEAT SUPERIOR—*when State not liable for negligence of its employees.* The State is not liable for the negligence of its agents or employees.

RUSSELL F. MEYER, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLE-TON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This claim is for damages caused by an automobile accident which occurred on the 30th day of April, A. D. 1925, on State Highway No. 2, about one mile and a half south of the town of Minonk in Woodford county. At the time of the accident the highway was still under construction, and was not received and taken over by the State for maintenance until December 15, 1925.

About 10:30 p. m. on the day before the accident claimant left Mattoon, Illinois, in company with Ruth Edwards. They were in a Buick coupe and were going to some town in Iowa, where they had a theatrical engagement for the next day. It was a dark night and raining, and claimant was driving about thirty miles an hour at the time of the accident, which happened about 4 o'clock in the morning. The day before the accident workmen had been building the dirt shoulders along the sides of the pavement and left dirt upon it from a fourth to a half inch deep. When claimant reached the place where this dirt was, his car skidded and turned over, throwing both of the occupants out, and damaging the car and claimant's wearing apparel. Claimant alleges that his salary was $125.00 per week, and that, as a result of the accident, he was unable to work for six weeks, and that he should be paid at that rate for the time he lost from work, amounting to $750.00; that his car was damaged $600.00, his wearing apparel $100.00, and that his past and prospective actual pecuniary loss for bodily injuries is $1000.00; for which amounts he asks to be reimbursed by the State.

The attorneys representing claimant and defendant have stipulated that the contract for the construction of the slab of concrete on and along Route No. 2 at the point where the accident occurred was awarded September 14, 1923, that the construction on said contract began on May 14, 1924, and that the contract was not finished and accepted by the State until December 15, 1925. The evidence also shows that at the time of the accident the road was under construction and that signs were posted in plain view reading, "Road under construction, travel at your own risk," and "Men working."

Section 12 of the Bond Issue Act provides that the public highways upon which such roads are being constructed shall, during the construction period and continuously thereafter be under the jurisdiction and control of the Department of Public Works and Buildings, but the duty of maintaining such highways shall rest on the local authorities until such construction work has been completed. Route No. 2 at the point of the accident was under construction at the time these injuries and damages were received and had not been accepted by the Department of Public Works and Buildings, but was still under the jurisdiction of the local road authorities of Woodford county.

The Attorney General has filed a general and special demurrer to the declaration, and contends the State is not liable for the damages suffered by claimant.

The road in question was not being constructed by the agents of the State, but by an independent contractor. But even if the contractor could be held to be an agent of the State, that would not make the State liable, for it is well settled that the principle of *respondeat superior* does not apply to the State.

The Supreme Court of this State has repeatedly held that towns and counties are not liable for damages caused by the negligence of the agents and officials of such municipalities in constructing and maintaining roads. The reason is that such municipalities are sub-divisions of the State for governmental purposes. Upon the same principle the State, being the whole body of people organized for governmental purposes, is not liable for such damages. (*Dunning* v. *State,* No. 806, decided this term.)

We are of the opinion that the State is not liable in this case, and the demurrer will be sustained and case dismissed.